**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHN EARL MACKEY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. _____** |
| | § | |
| **CITY OF HONEY GROVE, TEXAS** | § | |
| **and ZACHARY WILLIAMSON** | § | |
| **Defendants.** | § | |

---

**ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** JOHN EARL MACKEY, (hereinafter called "Plaintiff"), complaining of and about CITY OF HONEY GROVE, TEXAS and ZACHARY WILLIAMSON, (hereinafter called "Defendant"), and for cause of action would respectfully show the Court as follows:

1.      This suit is an action for damages sustained by John Earl Mackey who is a citizen of the United States of America against Zachary Williamson and the officers and official of the City of Honey Grove, Texas, and the Honey Grove Police Department (hereinafter called "HGPD") who were the policy makers responsible for the selection, hiring, training, disciplining, supervising, and educating of Officer Williamson.

2.      At all times relevant hereto, and in all the actions described herein, Defendant Williamson acting under color of state law and pursuant to his authority as police personnel.

3.      At all times relevant thereto, and in all of the actions described herein, Defendant City and HGPD acted under color of state law and authorized the actions of Defendant Williamson.

# I.  JURISDICTION

4.      This case is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fifth and Fourteenth

Amendment of the United States Constitution.    The allegations asserted against the Defendants

occurred under color state law and involve federal questions.

## II.  PARTIES AND SERVICE

5.      Plaintiff, John Earl Mackey, is a citizen of the United States and the State of Texas and

resides in Fannin County, Texas.

6.      Defendant, The City of Honey Grove, Texas is a municipality of the State of Texas,

employed Defendant Williamson and was responsible for the hiring, training, disciplining,

educating, supervising and selection of Defendant Williamson as a police officer. Defendant

City may be served by serving the Mayor, Claude Caffee, 633 6th Street, Ste. 1, Honey Grove,

Texas 75446.

7.      Defendant, Zachary Williamson, was a police officer employed by the City of Honey

Grove, at the time in question.   At all times relevant, Defendant Williamson was acting as a

representative, agent, servant or employee of Defendant City.   Defendant Williamson is sued in

his individual and official capacities.   Upon information and belief,  Defendant Williamson is a

resident of the Sherman Division of the Eastern District of Texas and may be served at his place

of employment, Honey Grove Police Department, 633 6th Street, Honey Grove, Texas 75446.

## III.  NOTICE

8.      On August 28, 2018, counsel for Plaintiff, pursuant to Section 101.10 of the TEXAS

TORT CLAIMS ACT and other applicable statutes and ordinances, forwarded written notice of Plaintiff's claims to the City of Honey Grove.

## IV.  <u>FACTS</u>

9.      On or about April 22, 2018, Williamson followed John Earl Mackey to his residence on South Second Street in Honey Grove, Texas.

10.     Plaintiff rolled his window down and waited for Williamson to get out of his cruiser and approach Plaintiff's vehicle, parked in Plaintiff's driveway.

11.     Officer Williamson told Plaintiff to "Get out of the car, you're going to jail," at which time Plaintiff requested to call his house to speak to his family.

12.     Williamson refused to allow Plaintiff to call his house and removed his tazer from his belt.

13.     Williamson ordered Plaintiff out of the car and he complied.

14.     Plaintiff asked why he was pulled over and Williamson replied that Plaintiff had falsified tags.

15.     Using a racial slur, Williamson held up the tazer and asked if Plaintiff knew what being tazed felt like.

16.     At that point, Plaintiff's family exited the house and Williamson drew his weapon and pointed it at them, and told them to get back in the house.

17.     Williamson then tazed Plaintiff and Plaintiff reached out and the tazer fell from Williamson hand.

18.     Williamson again drew his weapon, then pushed Plaintiff against the car, and struck him in the mouth.

19.     To avoid being struck again, Plaintiff got in the car and began to honk his horn to get the attention of anyone who might assist him, while Williamson was striking him on the head and face and choking him.

20.     Then, Williamson reached into the car and shot Plaintiff in the leg.

21.     While Plaintiff sat in the car and bled, instead of calling for medical assistance, Williamson then called the Chief of Police to report the incident.

22.     Williamson's conduct constitutes a violation of Texas Penal Code 22.01 and 22.202(a)(2) and is a felony because a weapon was used.

## V.   <u>CAUSES OF ACTION</u>

23.     Plaintiff incorporates all of the allegations set forth above, and would further show the Court that Defendants are liable on the following cause of action, pled in the alternative when necessary.

24.     The hereinabove described actions and omissions engaged under color of state law by Defendants proximately cause the deprivation of Plaintiff's rights given to him by the Constitution of the United States of America including but not limited, his Fifth and Fourteenth right to due process, including the right to be free from excessive and unjustified force.

25.     At all times relevant, the actions of Williamson were in compliance with the actual customs, policies, practices, and procedures of the HGPD and the City.

26.     The customs, policies, practices and procedures of the City and the HGPD that
proximately caused the injuries suffered by Plaintiff include, but are not limited to the following:

a)      failing to properly and adequately supervise officers participating in law
enforcement activity for the City and HGPD.

b)      failing to properly and adequately train officers, participating in law enforcement
activity for the City and the HGPD.

(c)     failing to properly and adequately educate officers participating in law
enforcement activity for the City and HGPD.

(d)     failing to properly and adequately determine the competency and ability of offices
to act as law enforcement officers prior to hiring such officers for the HGPD and
the City.

(e)     failing to adequately discipline officers involved in the deprivation of citizen's
constitutional rights and failing to implement any policies or procedures that
would prevent the re-occurrence of situations similar to one in the present case.

27.     The above-described, customs, policies, practices, and procedures of the Defendants
amounted to a deliberate indifference to the constitutional rights of Plaintiff.  Plaintiff would
further state that the need for proper training, supervision, education, and proper background
check is so obvious that the inadequacies of Defendants' customs, policies, practices, and
procedures in that regard are so likely to result in the violation of citizens' constitutional rights
that the policy makers of the City can reasonable be said to have been deliberately indifferent to
those rights of citizens.

28.     At all times relevant hereto, the City and HGPD were the official policy makers of those customs, policies, practices, and procedures.  Said customs, policies, practices and procedures amount to gross negligence, conscious and deliberate indifference of the constitutional rights of Plaintiff and were the proximate cause of the deprivation of Plaintiff's rights and of the damages which he sustained.

29.     Plaintiff incorporates herein the allegations set forth above and would further show the Court as follows:

30.     On the occasion in question, Williamson acted negligently by failing to act as reasonable and prudent police officers would have acted under the same or similar circumstances. Williamson's omissions proximately cause mental suffering, humiliation, embarrassment, and grief to Plaintiff as more fully set forth in the damages portion of this Complaint.

31.     On the occasion in question, Defendant City and the HGPD negligently supervised Williamson in the execution of his duties as police officer of the City.  The City and the HGPD's failure to adequately and properly train and supervise Williamson proximately caused mental suffering, humiliation, and grief to Plaintiff as more fully set forth in the damages portion of this complain.

32.     All of the Defendants' acts and omissions in regard to the factual events as alleged above also constitute gross negligence in that the acts and omissions by the Defendants were unjustifiable and likely to cause serious harm and, in fact, did cause serious harm to Plaintiff as more fully set forth in the damages portion of this complaint.  As a result of the Defendants' gross negligence, Plaintiff is entitled to the recovery of exemplary damages in a sum to be determined by the jury.

33.     Moreover, the foregoing conduct of Defendants was willful, wanton, and malicious, thereby entitling Plaintiff to the recovery of exemplary damages in a sum to be determined by the jury.

34.     As a proximate result of the foregoing acts of Williamson, the City, and the HGPD, Plaintiff has been injured in that he suffered great mental anguish, sustained injury to his social reputation and character, was severely embarrassed and humiliated, all to Plaintiff's damage in a sum far in excess of the minimum jurisdictional limits of the Court.

35.     Moreover, the foregoing conduct of Williamson, the City and the HGPD was willful, wanton and malicious, thereby entitling Plaintiff to the recovery of exemplary damages in a sum to be determined by the jury.

36.     Defendants intentionally inflicted emotional distress upon Plaintiff through their extreme and outrageous conduct in threatening Plaintiff without probable cause.  Alternatively, Plaintiff would show that Defendants acted recklessly in inflicting emotional distress upon Plaintiff by engaging in conduct which Defendants knew, or had reason to know, created a high degree of risk of harm to another, and that Defendants deliberately proceeded to act, or failed to act, in conscious disregard of that risk.  Defendant Williamson's conduct cause Plaintiff to suffer severe mental anguish and distress as more fully set forth in the damages portion of this complain.

37.     Plaintiff would show that Williamson acted with malice in that he engaged in conduct specifically intended to cause substantial injury to Plaintiff, or in the alternative, acted with a flagrant disregard for the rights of others and with actual awareness that his actions would, in reasonable probability, result in great harm.  As a result of Williamson' malicious acts, Plaintiff is entitled to the recovery of exemplary damages in a sum to be determined by the jury.

38.     Plaintiff would further show that in addition to being directly liable to him for their acts and omissions, the City is also liable for the acts and omissions of Williamson under the doctrine of respondeat superior.

39.     Plaintiff would show that he has been deprived of his constitutional rights pursuant to an official policy, custom, practice, and procedure of the city and the HGPD.

## VI.  <u>DAMAGES</u>

40.     Plaintiff suffered injury to his feelings, reputation, health, and character.  He was generally impaired in his social standing in the community and suffered great embarrassment, humiliation, and mental anguish and suffering.  As a result of all of the Defendants' acts and omissions, Plaintiff has recurring anxiety and vexation.  As a result of the Defendants' acts and omissions, Plaintiff was forced to suffer the indignity and humiliation of answering questions from friends and acquaintances.

41.     Moreover, Williamson acted willfully, wantonly, and maliciously, and the City and the HGPD were grossly negligent, thereby entitling Plaintiff to the recovery of exemplary damages against each of the Defendants, individually, in a sum to be determined by the jury.

42.     Because of the actions of the Defendants, as more fully set forth above, Plaintiff has incurred reasonable attorney's fees for which he seeks recovery pursuant to 42 U.S.C. § 1988 and any other authority, statutory or otherwise, which entitled Plaintiff to recover attorney's fees for the Defendants actions.

## VII.  **JURY DEMAND**

43.     Plaintiff requests that this matter be tried before a jury.

## VIII.  **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JOHN EARL MACKEY,

respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final

trial Plaintiff have:

1.     Judgment against Defendants, jointly and severally, for a sum in excess of the minimum jurisdictional limits of this Court;

2.     Prejudgment interest as provided by law;

3.     An award of exemplary damages against Defendants, jointly and severally, in a sum to be determined by the jury;

4.     Post-judgment interest as provided by law;

5.     Costs of suit;

6.     Attorney's fees; and

7.     Such other and further relief; whether general or specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,


By: /s/ Ronald W .Uselton
       Ronald W. Uselton
       Attorney-in-Charge
       Texas Bar No. 20415775
       E-Mail:  useltonatty@gmail.com
       402 W. Lamar, Ste. 101, Sherman, TX
       Sherman, Texas 75090
       Tel. (903) 893-9624
       Fax. (903) 813-0306
       Attorney for Plaintiff
       JOHN EARL MACKEY